UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES SHARKEY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NAPHCARE, INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:18-cv-0025-KJD-BNW<br><br>**ORDER** |

　　　　Before the Court is plaintiff James Sharkey's motion to amend (ECF No. 81), his motion to excuse the late filing of his amended complaint (ECF No. 84), his second premature motion for summary judgment (ECF No. 91), and his motion for jury trial in the alternative to his motion for summary judgment (ECF No. 117). Both NaphCare and the Clark County defendants have timely responded to Sharkey's filings (ECF Nos. 87, 89, 93, 103, 119), and Sharkey has replied (ECF Nos. 88, 104, 105, 109, 120). The defendants have also moved to stay the summary judgment briefing schedule (ECF No. 100) to which Sharkey responded (ECF No. 106).[1] On November 8, 2019, this Court issued an order disposing of seven similar motions, including Sharkey's first motion for summary judgment, his motion to "assert jurisdiction," motion to amend his complaint, and motion to extend his copy-work budget. See Order, ECF No. 61. In the six months since that order, Sharkey has disregarded the Court's advice to use his copy work sparingly and has filed five more motions, which are either untimely or meritless. Indeed, it seems as though every time the Court resolves one of Sharkey's motions, three more sprout in its place.

---

[1] There are two more motions pending: Sharkey's Motion for Appointment of Counsel (ECF No. 90) and the County Defendants' Motion to Strike Sharkey's Declaration of Faith (ECF No. 122). The Court will resolve those motions in separate orders. See <u>Dietz v. Bouldin</u>, 136 S.Ct. 1885, 1892 (2016) (the Court has the inherent authority to manage its docket for the efficient resolution of its cases).

For the reasons below, each of Sharkey's motions, including his premature motion for summary judgment, is denied. Because Sharkey's motion for summary judgment is denied, the defendants' motion to stay the briefing schedule on that motion is denied as moot.

### I.  Background

The parties and Court are familiar with the facts of this case. Only a brief review is needed here. Sharkey's claims arise out of his time at Clark County Detention Center ("CCDC") as a pre-trial detainee. The claims break down into two groups: claims arising out of alleged assaults by CCDC officers and a claim arising out of CCDS's interference with Sharkey's religious worship while incarcerated. As was the case in the Court's earlier order, Sharkey's religious discrimination claim is not relevant to these motions. As for the officer-involved assaults, Sharkey claims that CCSD officers cornered and beat him on two separate occasions. The first time, an Officer Neville assaulted Sharkey in his cell, choking him and punching him until he lost consciousness. Sharkey was allegedly assaulted the second time by an Officer Kelsey. Sharkey brought claims for excessive force, failure to protect, and conditions-of-confinement claims against CCSD, Sheriff Lombardo, and various named and unnamed CCSD officers. Sharkey also brought an inadequate medical care claim against NaphCare and unnamed NaphCare employees under the Fourteenth Amendment.[2]

NaphCare moved to dismiss Sharkey's Fourteenth Amendment claim against the entity and its employees. Mot. to Dismiss, ECF No. 23. As for NaphCare the entity, the motion argued that Sharkey had not alleged adequate facts to support a policy or practice that informed NaphCare's indifference to his medical needs. NaphCare also argued that it could not be liable under the Fourteenth Amendment merely because it employed a tortfeasor. The Court agreed, finding that "Sharkey failed to allege that a NaphCare policy or custom caused his injury." Order 7, ECF No. 61. The Court came to a similar conclusion regarding NaphCare's unnamed employees. Sharkey's allegations simply did not support a Fourteenth Amendment claim because "Sharkey [had] not alleged more than mere negligence against any of the individual NaphCare

---

[2] Sharkey brought several other claims against several other defendants. However, the Court's initial screening order whittled the claims down to the claims listed here.

doctors or nurses." Id. at 6.

The Court granted NaphCare's Motion to Dismiss on November 8, 2019. Despite granting the motion in its entirety, the Court recognized that Sharkey was proceeding pro se, unaided by counsel. In an effort to allow Sharkey the leeway afforded pro se parties, the Court's order spelled out the ways Sharkey's complaint was deficient and gave him thirty days to amend if he chose. The Court trusted thirty days would give Sharkey ample opportunity to review the deficiencies identified in the Court's order and fix them. Sharkey missed the deadline by more than a month and then filed a motion for leave to amend his complaint (ECF No. 81) and a motion to excuse his late filing (ECF No. 84). Those motions set off flurry of filings, including the defendants' responses and Sharkey's motion for summary judgment (ECF No. 91) and motion for jury trial (ECF No. 117). The defendants have responded to each of Sharkey's motions, and they are now ready for decision.

## II.  Legal Standard

The constitution guarantees indigent parties "meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 821–23 (1977). The Court understands that pro se pleadings may lack the refinement of retained-counsel's filings. As a result, the Court holds these documents to a "less stringent standard[] than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Indeed, the Court construes pro se pleadings liberally and in that party's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). That leeway is limited to the allegations in the pleadings themselves. It does not exempt a pro se party from following the rules of procedure. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (pro se parties are still "bound by the rules of procedure"). Accordingly, the Court will only dismiss a pro se complaint if it is clear that "the plaintiff can prove no set of facts" that would entitle him to relief. Estelle, 429 U.S. at 106.

## III.  Discussion

For convenience in its evaluation, the Court will evaluate Sharkey's pending motions in two groups. The first pair of motions includes Sharkey's motion to amend (ECF No. 81) and his motion to excuse late filing of his amended complaint (ECF No. 84). Both motions deal with Sharkey's deficient complaint and his failure to meet the Court's deadline to amend. The second

pair of motions includes Sharkey's second motion for summary judgment (ECF No. 91) and his motion for jury trial (ECF No. 117). The remaining motion was filed by defendant NaphCare, Inc. and asks the Court to stay briefing on Sharkey's motion for summary judgment (ECF No. 100). The County Defendants joined the motion to stay (ECF No. 102). That motion is dependent upon the Court's treatment of Sharkey's summary judgment motion. If the Court denies summary judgment as premature, as it has once before, the motion to stay will be moot.

### A. Sharkey's Motion to Amend and Motion to Excuse Late Filing

Sharkey moved to amend his complaint on January 13, 2020, a month after the deadline to amend his complaint under the Court's prior order. Sharkey recognized that his motion to amend was untimely and moved to excuse the late filing on January 23, 2020. Sharkey claims his late filing is excused because he is a pro se party who is unfamiliar with the discovery process. Mot. to Excuse 2, ECF No. 84. The Court may excuse a late filing if the party filing the document shows its neglect was excusable. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1262 (9th Cir. 2010). Sharkey argues his late filing is excusable because he could not navigate the discovery process to obtain the information necessary to amend his complaint until after the deadline to file his amendment. However, the discovery process plays no part in filing an amended complaint. Discovery is intended to uncover evidence supporting the factual allegations in a complaint. The deficiencies the Court identified did not need discovery. They needed more facts. Sharkey's unfamiliarity with the discovery process, therefore, did not influence whether he could timely amend his complaint. Accordingly, the Court denies Sharkey's motion to excuse his late filing.

Sharkey's failure to amend his complaint within the Court's deadline and lack of excusable neglect warrant denial of his motion to amend. The Court has construed Sharkey's pleadings and papers in the light most favorable to him, as a pro se party. See Estelle, 429 U.S. at 106. However, a pro se status does not excuse the party's compliance with the Court's imposed deadlines. To the contrary, Sharkey remains "bound by the rules" of procedure despite his pro se status. Ghazali, 46 F.3d at 53. The Court's order granting NaphCare's motion to dismiss clearly identified the deficiencies in Sharkey's complaint. Then, in an effort to make amendment more

feasible, the Court set Sharkey's time to amend to thirty days after entry of its order. The point of setting a definitive deadline was to avoid a situation like this one where a pro se party is unaware of or unsure of the deadlines to file certain motions. In essence, setting a definitive deadline was an attempt to make amendment easier, but Sharkey disregarded the Court's deadline. As a result, Sharkey's current motion to amend is denied as untimely.

Even if Sharkey's motion were timely, it would fail because his proposed amendment does not fix the problems in his prior complaint. A party may freely amend its complaint once as a matter of course within twenty-one days of service. Fed. R. Civ. P. 15(a)(1). Any subsequent amendment requires adverse-party consent or leave of the Court. Fed. R. Civ. P. 15(a)(2). The Court generally grants leave to amend unless amendment would be futile or if the proposed amendment would not cure the complaint's deficiencies. Garmon v. Cty. of Los Angeles, 828 F.3d 837, 742 (9th Cir. 2016) (quoting AE v. Cty. of Tulare, 666 F.3d 621, 636 (9th Cir. 2012)).

The Court identified two major issues with Sharkey's complaint, and the amended complaint would not cure either issue. First, the Court found that Sharkey did not adequately allege a NaphCare policy or custom that caused or exacerbated his injuries. See Order 7, ECF No. 61 (citing Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012) (liability limited to an entity whose official policy or custom causes injury)). Second, the Court found that Sharkey did not adequately allege that NaphCare employees' failure to treat him constituted more than mere negligence. See Order at 7 (citing Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (Sharkey must "prove more than negligence but less than subjective intent—something akin to reckless disregard").

Sharkey's new allegations touch on those issues but still do not plead a plausible claim for relief. As for NaphCare the entity, Sharkey has added the following allegation to demonstrate a policy or custom: "It is a custom of NaphCare Inc. to give little or no care to its patients" and that Sharkey knows this based "on [his] own personal experience with NaphCare and its employees." Proposed Third Am. Compl. 4:2–10, ECF No. 81-1. However, that new allegation merely shows that NaphCare's treatment was supposedly deficient as it relates to Sharkey's individual case. A policy or custom of deficient care necessarily suggests an overriding course of

dealing that would extend well beyond one patient. In short, one patient's bad experience with NaphCare does not itself constitute a policy or custom of behavior. Therefore, Sharkey's amendment would not cure the deficiency of his claim against NaphCare.

Sharkey's new allegations against NaphCare employees meet the same fate. Sharkey's new complaint makes two changes to his claims against individual NaphCare nurses. First, it identifies the previously unnamed NaphCare employee as Maggie G., a "basic nurse." Then, the proposed complaint alleges that Maggie G. discovered that Sharkey's urine may have blood in it and failed to treat him. The new allegation fails for the same reason the prior allegation failed. Sharkey has not alleged more than mere negligence, and if he had, his own complaint contradicts that allegation. As the Court found in its prior order, the nurses' failure to provide the treatment Sharkey wanted was negligent at worst. The Constitution does not require doctors or nurses to treat inmates in any particular way. Bowring v. Godwin, 551 F.2d 44, 47–48 (4th Cir. 1977). They must only give the care necessary to prevent significant injury or the unnecessary infliction of pain. Conn, Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010), cert. granted, judgment vacated sub nom. City of Reno v. Conn, 563 U.S. 915 (2011), opinion reinstated, 658 F.3d 897 (9th Cir. 2011). Sharkey's allegations make clear that nurses did so. See Second Am. Compl. 6E, ECF No. 18 ("the nap care [sic] nursing staff visited several times" for "roughly two weeks"). None of Sharkey's new allegations can undo his prior admission that NaphCare nurses provided him consistent care.

At bottom, Sharkey's Motion to Amend fails as it was filed well outside the Court's imposed deadline to seek amendment. Alternatively, the allegations of Sharkey's proposed amended complaint do not cure the deficiencies in his last complaint, rendering amendment unwarranted. Accordingly, Sharkey's Motion to Amend is denied. NaphCare and each of its employees—named or unnamed—are dismissed from this case.

### B. Sharkey's Motion for Summary Judgment and Motion for Jury Trial

On January 30, 2020, about three weeks after moving to amend his complaint, Sharkey moved for summary judgment. Clearly, the Court had not yet ruled on Sharkey's motion to amend, nor had the parties completed discovery. See Sched. Order, ECF No. 62 (the initial

scheduling order set discovery deadline at March 23, 2020). Before the Court could rule on Sharkey's summary judgment motion, he filed an alternative motion for jury trial in the event the Court denies his motion for summary judgment. The Court confronted a similarly premature motion for summary judgment from Sharkey and denied the motion. Denial is also appropriate here.

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). It is nearly impossible to tell whether there is evidence to support factual allegations before the parties engage in discovery. Thus, the Court may delay its decision or deny a motion for summary judgment if the nonmoving party has not had the opportunity to gather facts necessary to justify its position. Fed. R. Civ. P. 56(d). Where the parties have not yet conducted discovery, the nonmoving party need not present specific reasons for its inability to present evidence to support its positions. Indeed, that party "cannot be expected to frame its motion with great specificity . . . as the ground for such specificity has not been laid." Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 774 (9th Cir. 2003).

When Sharkey filed this summary judgment motion, the parties were still unsure whether his second amended complaint or third amended complaint would be the operative complaint in this case. The defendants had no conceivable way to oppose summary judgment until they knew exactly what allegations constituted Sharkey's complaint. After all, the Court has only just decided that issue in this order. See Section IIIA, *supra*. Accordingly, Sharkey's motion for summary judgment is premature.

Sharkey's summary judgment motion also fails on the merits because material issues of fact exist on nearly every claim. Summary judgment employs a burden-shifting test that first requires the moving party to produce evidence that no genuine issue of fact exists. The burden of production then shifts to the non-moving party to demonstrate a triable issue of fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment fails, if the moving party cannot meet its initial burden. Sharkey has not met his burden and admits as

much in his alternative motion for jury trial (ECF No. 117). There, Sharkey argues that "[t]here are several issues of material fact that must be resolved which have been raised in [his motion for summary judgment]." Mot. for Jury Trial 1, ECF No. 117. The Court agrees with Sharkey's assessment. Without the parties having conducted the full discovery process, there are several issues of material fact that must be addressed before summary judgment. Further discovery and more appropriately filed summary judgment motions may eliminate those issues of material fact. However, summary judgment is premature at this point. Accordingly, Sharkey's motion is denied.

As for Sharkey's motion for jury trial, the Court denies the motion as moot. Following discovery, each party will have the opportunity to file their own motion for summary judgment. At that point, the parties' respective motions will have the benefit of the evidence adduced in discovery to support their arguments. If any issue of material fact persists after summary judgment, the Court will route Sharkey's case to trial automatically. Sharkey has preserved his right to demand a trial by jury since he filed his first complaint. See Sharkey's First Compl. 1, ECF No. 1-1 ("JURY TRIAL DEMANDED" stated under the caption). Therefore, Sharkey's request for a jury trial is redundant, and the Court denies it as moot.

### C. *NaphCare and County Defendants' Motion to Stay Briefing Schedule*

Finally, NaphCare asks the Court to stay the briefing schedule on Sharkey's summary judgment motion because the Court has not yet ruled on Sharkey's request to amend his complaint and because summary judgment is premature. The County Defendants joined the motion. As discussed, the Court agrees with NaphCare that summary judgment is premature and that genuine issues of material fact would preclude even a timely filed motion for summary judgment at this point. The Court has elected to deny Sharkey's motion instead of delaying a decision. Because the motion was denied, a briefing schedule is unnecessary. Therefore, the Court denies NaphCare's Motion to Stay Briefing as moot.

///

///

///

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff James Sharkey's Motion for Leave to Amend (ECF No. 81) and his Motion Excusing Late Filing (ECF No. 84) are **DENIED**. Because Sharkey failed to timely amend his complaint, NaphCare, Inc. and any named or unnamed NaphCare employee is hereby **DISMISSED** from this case.

IT IS FURTHER ORDERED that Sharkey's Motion for Summary Judgment (ECF No. 91) is **DENIED**.

IT IS FURTHER ORDERED that Sharkey's Motion for Jury Trial (ECF No. 117) is **DENIED as moot**.

IT IS FUTHER ORDERED that NaphCare's Motion to Stay Briefing Schedule (ECF No. 100) to which the County Defendants joined (ECF No. 102) is **DENIED as moot**.

Dated this 20th day of May, 2020.

_____
Kent J. Dawson
United States District Judge