UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES SHARKEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:18-cv-0025-KJD-BNW<br><br>**ORDER** |

　　　Before the Court is defendants' Motion to Strike Plaintiff's Declaration of Faith in the Church of Jesus Christ of Latter-Day Saints (ECF No. 122) to which plaintiff James Sharkey responded (ECF No. 123), and defendants replied (ECF No. 125). The Court notes that since defendants moved to strike, Sharkey has filed another declaration titled "Plaintiff's Declaration As an Ordained Preiest [*sic*] in the Church of Jesus Christ of Latter-Day Saints to the Truthfulness of the Plaintiff's Claims in Motion for Summary Judgement" (ECF No. 124). Both declarations seek to bolster Sharkey's credibility with the Court by painting Sharkey as a man of God who would not "[bear] false witness." Sharkey Decl. II, ECF No. 124. The declarations are unpersuasive, and because neither declaration helps the Court resolve Sharkey's current claims, both shall be stricken from the record.

　　　The Court holds inherent authority to manage its docket for the efficient resolution of cases. Dietz v. Bouldin, 136 S.Ct. 1885, 1892 (2016). Included in that authority is the ability to strike documents from the record. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010). When assessing a motion to strike, the Court mainly considers whether granting the motion would "further the overall resolution" of the case and whether the document was filed for a proper purpose. Almy v. Davis, No. 2:12-cv-0129-JCM-VCF, 2014 WL 773813, a *4–5 (D. Nev. Feb. 25, 2014). Despite those guideposts, the Court's review is "wholly discretionary."

Jones v. Skolnik, at *2, No. 3:10-cv-0162-LRH-VPC, 2015 WL 685228 (D. Nev. Feb. 18, 2015).

In that light, the Court finds that Sharkey's two declarations were not filed for a permissible purpose, nor are they helpful to the resolution of this case. Frankly, their inclusion serves only to "clutter[] the docket" (See Mot. to Strike 2, ECF No. 122) and suck resources from other non-frivolous filings. Contrary to Sharkey's belief, striking these declarations does not implicate his right to freedom of speech or religion. Both the federal rules of procedure and the Court's inherent authority to manage its docket allow the Court to constitutionally strike filings whether or not they implicate the First Amendment. After all, the issue here is the relevance of the declarations, not the content of the declarations themselves.

Regardless, the Court doubts that Sharkey is legitimately concerned with his right to free speech and religion. As the defendants point out, Sharkey's declarations are a thinly veiled attempt to gain some tactical advantage due his alleged membership in the Church of Jesus Christ of Latter-Day Saints. See D.'s Reply 2, ECF No. 125. They are no more than a shameless attempt to distract the Court from the glaring faults in Sharkey's claims. The Court refuses to engage in Sharkey's misdirection and will not hesitate to sanction him for such frivolous and pointless filings in the future.

Accordingly, IT IS HEREBY ORDERED that defendants' Motion to Strike (ECF No. 122) is **GRANTED**. James Sharkey's Declaration of Faith in the Church of Jesus Christ of Latter-Day Saints (ECF No. 121) shall be **STRICKEN** from the docket.

As for Sharkey's Declaration as a Priest in the Church of Jesus Christ of Latter-Day Saints (ECF No. 124), the Court finds that the declaration is irrelevant and was not filed for a permissible purpose, and sua sponte orders that it be **STRICKEN** from the docket.

Dated this 20th day of May, 2020.

_____
Kent J. Dawson
United States District Judge