UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES SHARKEY, | Case No. 2:18-cv-0025-KJD-BNW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss (#152). Plaintiff failed to respond to the motion and Defendants filed a Notice of Non-Opposition to the Motion (#155).

I.   Factual and Procedural History

This action stems from alleged mistreatment of a detainee by officials at the Clark County Detention Center ("CCDC"). (#18, at 6). The parties are familiar with the facts, so only a brief review will be given here. Plaintiff James Sharkey ("Sharkey") alleges CCDC officials deprived him of multiple constitutional rights. Specifically, Sharkey alleges the CCDC officials physically assaulted him, labeled him a "snitch" which caused other inmates to assault him, deprived him of his constitutional right to exercise his religion, punished him by withholding food for 18.5 hours, and failed to provide adequate medical care. (#18, at 7–25). Other pending motions remain, but because this motion to dismiss will be granted, the other motions will be denied as moot.

II.   Legal Standard

The constitution guarantees indigent parties "meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 821–23 (1977). As a result, the Court holds pro se documents to a "less stringent standard[] than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Indeed, the Court construes pro se pleadings liberally and in that party's favor. See

Erickson v. Pardus, 551 U.S. 89, 94 (2007). That leeway is limited to the allegations in the pleadings themselves. It does not exempt a pro se party from following the rules of procedure. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (pro se parties are still "bound by the rules of procedure").

If a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal is "a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Before dismissing a pro se plaintiff's complaint "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Id. Dismissal under this rule "operates as an adjudication on the merits." FED. R. CIV. P 41(b).

III.   Analysis

Before Sharkey's complaint can be dismissed, the Court must show that it provided him with notice of the deficiencies in his complaint. Sharkey has attempted to amend the operative complaint multiple times. Sharkey amended the complaint once as a matter of course and then filed a motion to amend. The Court indicated to Sharkey how he could amend the complaint to cure the existing deficiencies and gave him 30 days to do so. After the Court-imposed deadline had passed, Sharkey filed another motion to amend but failed to address the Court's recommendations. As such, the amendment was denied as futile. Sharkey again attempts to amend his complaint.

Courts consider five factors when determining whether to grant a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Futility alone can justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Defendants do not allege bad faith or undue delay. They argue that the proposed amended complaint would prejudice the defendants and is substantively the same as the previously denied amended complaint which the Court found to be futile. The Court agrees that amendment would

be futile. Sharkey seeks to amend the complaint but failed to make any real, substantive changes. The proposed amended complaint before the Court separates Sharkey's original causes of action into multiple causes of action. Like Sharkey's previous attempts to amend, this amended complaint fails to address the deficiencies the court laid out. As such, the motion to amend is denied.

Dismissal for lack of prosecution "requires weighing conflicting policies." Citizens Utilities Co. v. American Tel. and Tel. Co., 595 F.2d 1171, 1174 (9th Cir. 1979). There are five factors to weigh: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring the disposition of cases on their merits; and 5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). District courts may dismiss "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Ferdik, 963 F.2d at 1263).

### A. Expeditious Resolution of the Litigation

The Ninth Circuit has found that "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish, 191 F.3d at 990. In this case, Sharkey has continuously delayed the action from moving forward by filing meritless documents and ignoring discovery requests. After Sharkey ignored the Las Vegas Metropolitan Police Department (LVMPD) defendants' interrogatories, Defendants sent a letter to Sharkey explaining his duty to respond and extending his deadline. Sharkey responded by ignoring certain interrogatories and refusing to answer others, stating the information requested was public record so the defense attorneys should look it up. He refused to provide relevant medical history, claiming HIPPA concerns. He even refused to give necessary personal information, claiming it would have been a breach of his privacy. Then Sharkey sent a letter regarding a Meet and Confer conference to defense counsel with no apparent reason or intention of meeting. Sharkey then failed to show up to his deposition but documented his day's activities on his social media account.[1]

---

[1] The posts show Sharkey ordered bagels at a restaurant two minutes before the deposition

The defendants have been patient with Sharkey. They have responded to his filings, even when they are baseless, and have tried to point out his discovery errors so that he could address them. Sharkey has ignored their attempts and proven he has no desire to reach an expeditious resolution of the litigation. Sharkey has failed to file anything, including responses to dispositive motions, in nearly six months. As such, this motion to dismiss is unopposed. Local rules dictate that Sharkey's failure to oppose the motion "constitutes a consent to the granting of the motion." LR 7-2(d). Sharkey's apathy toward the expeditious resolution of this case and his attempts to delay weigh in favor of dismissal.

### B. The Court's Need to Manage its Docket

This factor goes hand in hand with the previous one. Cases involving parties like Sharkey "clog the Court's docket." Tubin v. Wash. Mut. Sav. Bank, 2011 WL 5834302, *3 (D. Nev. Nov. 17, 2011). This sort of clog makes it "difficult for the Court to timely adjudicate other cases with parties actually interested in resolving their litigation in an expeditious manner." Id. Instead of utilizing resources to adjudicate claims with interested parties, the Court has been forced to repeatedly warn Sharkey of the severity of his improper filings. Not only does Sharkey continue to seek an advantage in this case by flaunting his religious affiliation, but he continues filing motions to amend his complaint without addressing the deficiencies the Court pointed out to him. Sharkey also files notices with incorrect information, untimely motions for summary judgment and jury trial, and duplicative motions for appointment of counsel. This case has been pending for nearly three years and the parties have not been able to hold discovery to determine the facts of what happened, let alone prepare for trial. The Court's need to adjudicate other claims weighs in favor of dismissal.

### C. Risk of Prejudice to the Defendants

The Ninth Circuit has held that the "longer the delay, the more likely prejudice becomes." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980). Defendants are prejudiced by Sharkey's failure to prosecute because they continue to

---

was set to begin. They also show him in a tanning bed, flaunting cash and advertising his other social media accounts. The posts conclude with a trip to a sushi restaurant. These events took place in Las Vegas and show that Sharkey did not have a valid reason for missing his deposition and that he has no desire to litigate this case in good faith.

- 4 -

defend the action in good faith. They have expended their resources putting together discovery requests, producing thousands of pages of documents, organizing depositions, disclosing expert opinions, and responding to Sharkey's filings. Litigation costs time and money. The longer this case continues, the more prejudice Defendants suffer. The Ninth Circuit has found that a defendant "suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). Delay alone is "insufficient prejudice," but a "repeated failure of [a plaintiff] to appear at scheduled dispositions compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case." Id. Sharkey has not shown up, has not responded to discovery requests, no longer responds to motions, and has failed to provide the mandatory disclosures required of all litigants. This behavior prevents Defendants from preparing for trial and determining the rightful decision of the case. As such, this factor weighs in favor of dismissal.

### D.  Availability of Less Drastic Sanctions

The Court has no confidence that less drastic sanctions will make any impact on Sharkey. He has ignored the Court's explicit warnings regarding filing religious documents with their accompanying warnings of sanctions. He failed to follow the Court's guidelines in his multiple attempts to amend his complaint. Sharkey has failed to attend his deposition or give the Court a reason for his absence, refused to participate in discovery in good faith, been generally absent from this case for months, and gone missing in action by not responding to emails or updating his current mailing address. The Court warned Sharkey of the possibility that his case would be dismissed in an order dated August 19, 2020. (#154). He did not respond. The Court considers Sharkey's silence evidence of his lack of interest in prosecuting this case diligently and in good faith. Because previous attempts to compel Sharkey's good faith participation in this litigation has failed, this factor weighs in favor of dismissal.

### E.  Public Policy Favoring Disposition of Cases on their Merits

"[This] factor almost always weighs against dismissal." Sears v. Sacramento County and

Management, 21 F.3d 1115, *2 (9th Cir. April 25, 1994). However, "it does not outweigh the other four factors." Id. The Court has given Sharkey opportunities to litigate this case on its merits. Defense counsel has worked to proceed through discovery but were thwarted by Sharkey's failure to cooperate. While resolving disputes on the merits is preferred, it does not outweigh the other factors, which all favor dismissal. Therefore, the other factors favoring dismissal outweigh the sole factor weighing against dismissal.

### F. Rule 37 Dismissal

Defendants also argue that dismissal is warranted under Rule 37. The rule states that the court may order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d). The sanctions permitted by the rule include "dismissing the action or proceeding in whole or in part." Id. at 37(b)(2)(v). Before dismissing, a district court must show that the discovery violation was "due to willfulness, bad faith, or fault of the party." United States v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988) (citations omitted). The Ninth Circuit has found that "disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993). After establishing that the discovery violations are due to willfulness, bad faith, or fault, the court weighs the same factors as it would in a dismissal for lack of prosecution. Hester v. Vision Airlines, Inc., 684 F.3d 1162, 1169–70 (9th Cir. 2012) (discussing the analysis of other Rule 37 sanctions, specifically default judgment and striking documents from the record).

Sharkey makes no attempt to show that his discovery violations were due to anything outside of his control. While his initial interrogatory responses might have been due to inexperience in litigation, his failure to correct them after defense counsel pointed out the flaws is inexcusable. His social media posts show that his failure to appear for his deposition was nothing more than blatant disregard for the litigation process. Because Sharkey's violations are due to willfulness, bad faith, or fault of the party, the Court applies the same analysis as stated previously under Rule 41. The Court finds that the factors weigh in favor of dismissal. Therefore, dismissal is proper under both Rule 41 and Rule 37.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#152) is **GRANTED**.

IT IS FURTHER ORDERED that all other pending motions are **DENIED AS MOOT**.

Dated this 2nd day of December, 2020.

                                             Kent J. Dawson
                                             United States District Judge